UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathon Antonio Goss, *a/k/a Jonathan Goss*, | ) | C/A No. 9:25-cv-11863-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Scottie Bodiford, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This a civil action filed by Plaintiff Jonathan Goss, a state prisoner proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form Order dated September 23, 2025, Plaintiff was directed to bring his case into proper form by providing the specified documents. On October 9, 2025, the Proper Form Order was returned with a notation of "released from custody." ECF No. 9. Plaintiff has not provided a new address or contacted the Court. The time for Plaintiff to bring his case into proper form has passed, and he has failed to provide the documents necessary to bring this case into proper form.

## I.     BACKGROUND

At the time Plaintiff filed this action, he was being held at the Greenville County Detention Center (GCDC). He names Scottie Bodiford, who appears to be the director of the GCDC, as Defendant. Plaintiff brings claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his constitutional rights and federal statutory rights, but fails to identify what constitutional or statutory right he alleges was violated.  ECF No. 1 at 4.

The alleged incidents occurred from May to August 2025. Plaintiff's statement of his claim is that:

> I've been forced to live in bug infested cells around the detention center and shower with black mold holding "Showering Areas" & against my will and without legitimate attempts to fix the issues, in an over-populated detention facility well over the designated allowed capacity for the Greenville County Detention Center.

ECF No. 1 at 5-6 (errors in original).

In the "Injuries" section of the Complaint, Plaintiff claims he received insect bites, and that he was denied treatment for the bites on two occasions. He alleges he is forced to breathe harmful and hazardous black mold contaminated air every time he showers. Plaintiff claims this has subjected him to emotional and psychological harm. ECF No. 1 at 6. He appears to be requesting monetary damages. *Id.*

## II.    <u>STANDARD OF REVIEW</u>

A pro se Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Lack of Jurisdiction

Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.[1] Plaintiff appears to be attempting to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

---

[1] A district court may also have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...." 28 U.S.C. § 1332. However, Plaintiff has not asserted diversity jurisdiction and has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff has not identified what federal constitutional or statutory right he alleges was violated by Defendant. *See* ECF No. 1 at 3-4.

B.     Failure to State a Claim

Even if Plaintiff has established federal question jurisdiction, this action should be dismissed for failure to state a claim. Although Plaintiff lists Defendant's name in the caption of his Complaint, his pleadings fail to provide any specific facts to support a claim that Defendant violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Additionally, to the extent Plaintiff may be attempting to bring a claim against Defendant based on a theory of supervisory liability, such a claim is subject to summary dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was

4

an "affirmative causal link" between the supervisor's inaction and the particular
constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791,

799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as

to Defendant.

C.     Failure to Bring Case into Proper Form

As noted above, Plaintiff has also failed to bring this case into proper form. In the Court's

Proper Form Order dated September 23, 2025, Plaintiff was given the opportunity to bring his case

into proper form by completing a summons form listing the named Defendant and completing and

signing a form USM-285 for the named Defendant. Plaintiff was warned that failure to provide the

necessary information within the timetable set forth in the Order would subject the case to

dismissal. *See* ECF No. 5.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to

provide the required items to bring his case into proper form or respond to the Proper Form Order

in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance

with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*,

882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and

reasonable warning was not an abuse of discretion).

[Remainder of the page intentionally left blank.]

## IV.    **RECOMMENDATION**

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice,[2] without leave to amend,[3] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

November 7, 2025
Charleston, South Carolina

---

[2] *See Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for ... [a] defect in subject matter jurisdiction[] must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

[3] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).